UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20180-CR-JORDAN/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LANCE R. UMANSKY,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S REQUEST
TO FILE A SUPPLEMENTAL MOTION TO SUPPRESS**

This matter comes before the Court upon Defendant's Request to File a Supplemental Motion to Suppress [D.E. 62]. Having carefully considered the papers filed in this case and the record, and being otherwise advised in the premises, the Court will deny Defendant's motion for the reasons set forth below.

### I. INTRODUCTION

Defendant was arrested on March 9, 2006. The Defendant was indicted on March 23, 2006, and, after entering a plea of not guilty, the case was set for trial. After the Defendant moved for a continuance, the Court entered an Order granting the motion and setting a new deadline of July 31, 2006, for the filing of pre-trial motions. Under that Order, Defendant needed to file his motion to suppress by July 31, 2006, which he did. His motion made many arguments for the suppression of evidence, but after conducting an evidentiary hearing on September 11 and 12, 2006, the Court denied the motion. At the hearing, defense counsel alleged that he had learned new information based on the testimony of the special agent in the case, and requested the Court's permission to file a supplemental motion to suppress. The Court advised counsel to file a request for leave

to file the supplemental motion to suppress, which counsel did on September 14, 2006. Defendant's supplemental motion to suppress is the subject of this Order.

## II.  ANALYSIS

Defense counsel alleges that he learned for the first time at the hearing conducted on September 11 and 12, 2006, that the garbage bags retrieved by the agents investigating the Defendant were placed just outside the Defendant's apartment door. The government points out, however, that the affidavit submitted to the magistrate judge to obtain the search warrant stated: "DEA agents collected two (2) trash bags from outside the door to the TARGET RESIDENCE." This same affidavit was attached to Defendant's first motion to suppress, illustrating that Defendant and his counsel knew at the time that they filed their first motion that the garbage had been collected from outside of Defendant's apartment by the door. [D.E. 40, Attach. 1].

In his pending motion, Defendant concedes that the above quoted statement was included in the affidavit. [D.E. 62, ¶ 2]. Defendant argues, however, that his motion should still be granted as there remains time for the issue he raises to be considered before trial, and that the government would suffer no prejudice as a result. The Court disagrees. Had this issue been timely raised, then all evidence necessary for its determination could be have been addressed at the hearing already held. The government and, especially, the Court are prejudiced when issues are not timely raised when they could and should have been. Here, based on the undeniable fact that Defendant was fully knowledgeable as to the circumstances that gave rise to the trash pull, based on the July 31st deadline for the filing of pre-trial motions that has long since passed, and based on the fact this case is set for trial imminently, the Court finds that a supplemental motion to suppress is procedurally barred.

But even if we cast aside the procedural basis to deny the pending motion, we also find on the merits that the undisputed facts show that the search of Defendant's garbage by agents did not violate the Fourth Amendment.[1]  In cases involving garbage searches, Supreme Court and Eleventh Circuit precedents require courts to weigh the accessibility and exposure of the garbage to the public in making an objective determination of the movant's reasonableness in his expectation of privacy.  *United States v. Greenwood*, 486 U.S. 35, 42 (1988) (". . . what a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection"); *United States v. Segura-Baltazar*, 448 F.3d 1281, 1287-88 (11th Cir. 2006) (". . . the facts we find most relevant and persuasive are that the garbage was plainly visible and accessible from the street"); *United States v. Hall*, 47 F.3d 1091, 1095 (11th Cir. 1995) ("In order for persons to preserve Fourth Amendment protection in the area immediately surrounding the residence, they must not conduct an activity or leave an object in the plain view of those outside the area").

By leaving his garbage outside of his apartment by the door, Defendant indisputably left it in plain view and accessible to the public.  The uncontroverted facts show that Defendant lives in a corner unit on the second floor of a two-story, sixteen unit apartment building across the street from a community park and recreation center.  The apartment complex is set back only a few feet from the public sidewalk and the public

---

[1] The Court finds that a separate evidentiary hearing on this matter is not necessary given that Defendant's motion is procedurally barred, the facts as presented to the Court by both sides are consistent, and defense counsel did not take advantage of the opportunity to inquire about the retrieval of the garbage bags from Agent Wilson during the evidentiary hearing held on September 11 and 12, 2006. Moreover, the facts discussed have not been controverted by Defendant either in his reply or in any supplemental affidavit or filing proffered for the Court.

road. There are no gates or obstructions preventing the public from entering the apartment complex. All of the building's apartment doors are visible and unobstructed from the sidewalk, street, and park. Each staircase leads directly to one of the two corner units on the second floor, so that visitors and tenants must choose one of the staircases and pass one of the corner units if they wish to access a second floor apartment. Because there are eight units on each floor, residents and visitors from at least three other second floor units must regularly pass the Defendant's corner unit to get to the other three apartments closest to Defendant's apartment.[2] Additionally, the only other property Defendant has outside of his apartment door is a work table that was placed there on March 6, 2006 – the same day that the agents collected the garbage. Defendant does not have any other furniture, plants or property located outside of his apartment.

In *United States v. Miravalles*, 280 F.3d 1328, 1331 (11th Cir. 2002), the Court pointed out: "Five of the six circuits that have decided the issue have concluded that tenants do not have a reasonable expectation of privacy in the common areas of their apartment building." Furthermore, four of those five decisions suggest that whether the door to the apartment building is locked or not is irrelevant given that in each of those cases the door was locked. *Id.* In this case, the apartment building does not even have a front door. There are no gates or obstructions preventing anyone from entering the building. The common areas of the building are completely accessible to the public. As

---

[2] The Court notes that some of the tenants or visitors might find it more convenient to use the other staircase to access their apartment if they happen to be closer to that staircase upon arrival. Any difference in the volume of traffic that might make is offset by the equal likelihood that tenants and visitors of the other four apartment units that are farthest away from Defendant's apartment will also find it more convenient on occasion to use the staircase closest to Defendant to access the other residences.

a matter of law, Defendant could not have had a reasonable expectation of privacy in that common area of his apartment complex.

In *United States v. Segura-Baltazar*, 448 F.3d 1281, 1287 (11th Cir. 2006), the Eleventh Circuit recently decided a case raising similar Fourth Amendment issues and involving similar facts as this one.  There, the Court found that it was more difficult to determine the reasonableness of the defendant's expectation of privacy where he left garbage near his garage as opposed to the curb in front of his house.  *Id.* at 1286-87. The Court noted that trash left near the curb is more exposed to the public than is trash left closer to the house.  *Id.*  Nevertheless, the Court found that despite the location of the garbage, it was still plainly visible and accessible from the street, thereby defeating the reasonableness of any expectation of privacy that defendant might have had in the garbage.  *Id.* at 1288.  The Court held: ". . . garbage placed where it is not only accessible to the public but likely to be viewed by the public is 'knowingly exposed' to the public for Fourth Amendment purposes."  *Id.* (citing *United States v. Hendrick*, 922 F.2d 396, 400 (7th Cir. 1991)).

The record in this case shows that "the agents could clearly see two trash bags left outside the door to [Defendant's] apartment" "[f]rom their vantage point on the street in front of the [] apartment."[3]  [D.E. 72, at 3.] The visibility of the trash from the street, coupled with its accessibility given that the apartment building is not gated, makes Defendant's expectation of privacy in the two garbage bags unreasonable.

---

[3]   Again, Defendant never filed a reply controverting the facts as presented to the Court by the government.  As such, the Court relies on the consistent statements of fact in the Defendant's motion and the government's response in its ruling.

In his pending motion, Defendant relies on a state court case where an Indiana court found that the defendant had manifested a reasonable subjective expectation of privacy in garbage that she allegedly stored in the landing area outside her apartment door.  *See Indiana v. Neanover*, 812 N.E. 2d 127, 130 (Ind. Ct. App. 2004).  We decline to follow this case as it is not controlling in this jurisdiction and is easily distinguishable.  In *Neanover*, there was evidence that the defendant used the landing area for recreation and storage.  *Id.*  She had "placed a patio table and chairs and various other items that she did not intend to abandon on the landing."  *Id.*  Defendant here only had a work table in the area outside of his apartment door.[4]

Furthermore, there was no evidence presented at the suppression hearing held on September 11th and 12th that Defendant used this area for any special purpose.  Indeed, no affidavits were attached to Defendant's motion or reply alleging that he had a subjective expectation of privacy in this area.  No facts other than Defendant's placement of a table outside of his door were argued in Defendant's motion to show that Defendant manifested an expectation of privacy in the area immediately outside of his apartment.  Additionally, the defendant in *Neanover* was one of two tenants on the top floor of her three-story apartment building.  *Id.* at 131.  The Defendant here is one of eight tenants on the second floor of his building.  The common area right outside of his apartment is much more heavily-trafficked than the landing area in *Neanover*.  Accordingly, *Neanover* is quite distinguishable and is not persuasive authority in this case.

---

[4] Significantly, the table was placed there the same day as the garbage bags.  This was also the same day that the garbage bags were retrieved by the agents.  One could infer that Defendant intended to throw away the table along with the garbage bags.  That inference, however, is ultimately unnecessary for purposes of disposing of the pending motion.

### *III.   CONCLUSION*

For the foregoing reasons, Defendant Umansky's Request to File a Supplemental Motion to Suppress [D.E. 62] is **DENIED**.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 7th day of November 2006.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Adalberto Jordan
All counsel of record